United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10288
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERADO MENDOZA, JR.,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CR-12-5

---

Before WIENER, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Everado Mendoza, Jr., appeals his convictions and sentences for conspiring to distribute and

possess with intent to distribute 500 grams or more of cocaine and for possession of a firearm in

furtherance of a drug trafficking offense. He asserts that the evidence was insufficient to support his

convictions. We have reviewed the record, and we conclude that Mendoza has failed to show that

his conviction resulted in a manifest miscarriage of justice. See United States v. Avants, 367 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

433, 449 (5th Cir. 2004). The evidence establishes that Mendoza conspired to commit the charged narcotics offense and that he possessed a firearm in conjunction with that offense.

Mendoza asserts that the prosecutor engaged in misconduct during the opening statement and closing argument by accusing witnesses of lying. Mendoza has not established that the prosecutor's opening statement that witness Guadalupe Gonzalez would commit perjury during his trial testimony cast serious doubt upon the correctness of the jury's verdict. See United States v. Carter, 953 F.2d 1449, 1457 (5th Cir. 1992). Because Mendoza did not object to the prosecutor's assertion during closing argument that various witnesses were lying, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Washington, 44 F.3d 1271, 1278 (5th Cir. 1995). When reviewed in context, the prosecutor's statement was an appropriate comment on the evidence presented. See Washington, 44 F.3d at 1278.

Mendoza contends that the district court erred at sentencing in calculating the amount of drugs attributable to him. The use of 10 kilograms of cocaine connected to a "stash house" rented by Mendoza was not clearly erroneous in light of the record as a whole. See United States v. Villanueva, ___ F.3d ___ (5th Cir. Apr. 27, 2005)(No. 03-20812), 2005 WL 958221 at *8 n.9; United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

Mendoza also asserts that the district court violated the Sixth Amendment by enhancing his sentence on the basis of facts not admitted by him or found by a jury, in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because he did not object to his sentence on Sixth Amendment grounds, this court reviews for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005)(No. 04-9517). He has not established that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have

2

reached a significantly different [sentencing] result." <u>Id.</u> at 521.  Consequently, the judgment of the

district court is AFFIRMED.